UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JASON COX,                              :

        Petitioner            :   CIVIL ACTION NO. 3:25-1046

   v.                                   :   (JUDGE MANNION)

WARDEN OF FCI-ALLENWOOD,    :

        Respondent           :

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. §2241 in which petitioner challenges the legality of his criminal conviction and sentence. The petition will be dismissed without prejudice for lack of jurisdiction.

**I.    BACKGROUND**

Petitioner, Jason Cox, is serving a federal criminal sentence in Allenwood Federal Correctional Institution ("FCI-Allenwood"). (Doc. 1 at 1). He filed the instant case on June 10, 2025. (*Id.*) Although he styles his original filing as a motion for permanent injunction, the court liberally construes it as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 because it challenges the legality of Cox's criminal conviction and sentence and seeks his immediate release from prison. (*See id.*) Cox's

petition asserts that his conviction and sentence are unlawful because he was convicted only of violating 21 U.S.C. §846, but the sentencing court erroneously sentenced him as if he were convicted of 21 U.S.C. §841. (*Id.*) The petition does not specify which court sentenced Cox or how long his sentence is, nor does it attach any exhibits from which such information could be learned. (*See id.*)

## II.   STANDARD OF REVIEW

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. §2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. §2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. §2241. 28 U.S.C. §2254 Rule 1.

## III.  DISCUSSION

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255. The United States Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the

Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)). Section 2255(e), often referred to as the saving clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." *Id.* at 120; 28 U.S.C. §2255(e)).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a §2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." *Id.* at 538.

Here, Cox's claim asserting that his conviction and sentence are invalid because he purportedly was sentenced based on the wrong provision of the United States Code is clearly a challenge to the legality of his conviction and sentence that must be brought in a Section 2255 motion before his

3

sentencing court rather than through a Section 2241 habeas corpus petition. His petition will accordingly be dismissed for lack of jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, this case will be dismissed without prejudice for lack of subject matter jurisdiction. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 6/26/25

25-1046-01